## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.    1:25-CV-03541-NRN

HECTOR HUERTA

     Plaintiff,

v.

JUSTIN CHUBB, in his individual capacity;
THE DENVER COUNTY SHERIFF DEPARTMENT, a governmental entity; AND THE
BOARD OF COUNTY COMMISSIONERS OF DENVER COUNTY, a governmental entity.

     Defendants.

---

### DEFENDANT CHUBB'S ANSWER

Defendant, Justin Chubb, in his individual capacity, by and through his attorneys Bernard Woessner and Timothy M. Walsh of Nathan Dumm & Mayer P. C., hereby submits his Answer to Plaintiff's Complaint and Jury Demand ("Plaintiff's Complaint"):

1. With reference to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

2. With reference to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant Chubb admits he was working within the course and scope of his employment as a deputy sheriff with the Denver County Sheriff's Office at all times relevant. Defendant Chubb admits he was a resident of Colorado and is a citizen of the United States at the times relevant to this suit. Defendant Chubb denies that he is currently a resident of Colorado as he currently resides in Michigan.

3.      With reference to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

4.      With reference to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

5.      With reference to the allegations contained in paragraph 5 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

6.      With reference to the allegations contained in paragraph 6 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendant Chubb admits this Court has jurisdiction to hear this case. Defendant Chubb denies any inference of any unlawful conduct and denies there are any grounds to award Plaintiff any attorney's fees.

7.      With reference to the allegations contained in paragraph 7 of Plaintiff's Complaint, Defendant Chubb admits venue is proper in this District.

8.      With reference to the allegations contained in paragraph 8 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendant Chubb admits this Court may assume supplemental jurisdiction over related state law claims.

9.      With reference to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant Chubb denies any inference of any unlawful action, and denies any remaining allegations in the paragraph to the extent that they present any factual allegations against Defendant Chubb.

10.      With reference to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

11.      With reference to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

12.      With reference to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

13.      With reference to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

14.      With reference to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

15.      With reference to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

16.     With reference to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendant Chubb admits unlocking Plaintiff's cell door on November 7, 2023. Defendant Chubb currently lacks sufficient information to admit or deny the remaining allegations in the paragraph and therefore denies the same.

17.     With reference to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

18.     With reference to the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendant Chubb admits an inmate wanted to meet with Plaintiff. Defendant Chubb currently lacks sufficient information to admit or deny all remaining allegations in the paragraph and therefore denies the same.

19.     With reference to the allegations contained in paragraph 19 of Plaintiff's Complaint, Defendant Chubb admits an unknown individual assaulted Plaintiff. Defendant Chubb currently lacks sufficient information to admit or deny the remaining allegations in the paragraph and therefore denies the same.

20.     With reference to the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendant Chubb admits unlocking Plaintiff's cell door on November 7, 2023. Defendant Chubb denies the remaining allegations in the paragraph.

21.     With reference to the allegations contained in paragraph 21 of Plaintiff's Complaint, Defendant Chubb admits contacting Plaintiff on November 7, 2023. Defendant Chubb currently lacks sufficient information to admit or deny the remaining allegations in the paragraph and therefore denies the same.

22.     With reference to the allegations contained in paragraph 22 of Plaintiff's Complaint, Defendant Chubb admits asking Plaintiff to confirm Plaintiff's statement that he fell. Defendant Chubb denies any inference that this was the entirety of any conversation with Plaintiff and denies any remaining allegations in the paragraph.

23.     With reference to the allegations contained in paragraph 23 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

24.     With reference to the allegations contained in paragraph 24 of Plaintiff's Complaint, Defendant Chubb currently lacks sufficient information to admit or deny the allegations and therefore denies the same.

25.     With reference to the allegations contained in paragraph 25 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

26.     With reference to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant Chubb admits that incarceration may create a special relationship encompassing certain duties, but denies that this paragraph fully states the parameters of that relationship and duty.

27.     With reference to the allegations contained in paragraph 27 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant Chubb admits that incarceration may create a special relationship encompassing certain duties, but denies that this paragraph fully states the parameters of that relationship and duty.

28.     With reference to the allegations contained in paragraph 28 of Plaintiff's Complaint, Defendant Chubb admits Plaintiff was incarcerated at the time of the incident and that incarceration limits an individual's freedom. Defendant Chubb denies any inference that Plaintiff was entirely incapable of acting on his own behalf and denies any remaining allegations in the paragraph.

29.     With reference to the allegations contained in paragraph 29 of Plaintiff's Complaint, Defendant Chubb here incorporates his responses and defenses to the paragraphs incorporated therein.

30.     With reference to the allegations contained in paragraph 30 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

31.     With reference to the allegations contained in paragraph 31 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant Chubb admits Plaintiff has a right to be free from deliberate indifference to his safety when incarcerated, but denies that this paragraph fully states the law, denies any inference of any unlawful action, and denies any remaining allegations in the paragraph.

32.     With reference to the allegations contained in paragraph 32 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

33.     With reference to the allegations contained in paragraph 33 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

34.     With reference to the allegations contained in paragraph 34 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

35.    With reference to the allegations contained in paragraph 35 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

36.    With reference to the allegations contained in paragraph 36 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

37.    With reference to the allegations contained in paragraph 37 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

38.    With reference to the allegations contained in paragraph 38 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

39.    With reference to the allegations contained in paragraph 39 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

40.    With reference to the allegations contained in paragraph 40 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

41.    With reference to the allegations contained in paragraph 41 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

42.    With reference to the allegations contained in paragraph 42 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

43.    With reference to the allegations contained in paragraph 43 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

44.    With reference to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendant Chubb here incorporates his responses and defenses to the paragraphs incorporated therein.

45.     With reference to the allegations contained in paragraph 45 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

46.     With reference to the allegations contained in paragraph 46 of Plaintiff's Complaint, Defendant Chubb admits the allegations.

47.     With reference to the allegations contained in paragraph 47 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant Chubb admits Plaintiff has a right to be free from deliberate indifference to his safety when incarcerated, but denies that this paragraph fully states the law, denies any inference of any unlawful action, and denies any remaining allegations in the paragraph.

48.     With reference to the allegations contained in paragraph 48 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

49.     With reference to the allegations contained in paragraph 49 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

50.     With reference to the allegations contained in paragraph 50 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

51.     With reference to the allegations contained in paragraph 51 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

52.     With reference to the allegations contained in paragraph 52 of Plaintiff's Complaint, Defendant Chubb avers this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant Chubb admits that C.R.S. § 13-

8

21-131(1)(2(b) purports to remove the defense of qualified immunity with respect to state law claims brought pursuant to C.R.S. § 13-21-131.

53.    With reference to the allegations contained in paragraph 53 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

54.    With reference to the allegations contained in paragraph 54 of Plaintiff's Complaint, Defendant Chubb denies the allegations.

55.    With reference to the allegations contained in paragraph 55 of Plaintiff's Complaint, Defendant Chubb here incorporates his responses and defenses to the paragraphs incorporated therein.

56.    With reference to the allegations contained in paragraph 56 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

57.    With reference to the allegations contained in paragraph 57 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

58.    With reference to the allegations contained in paragraph 58 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

59.     With reference to the allegations contained in paragraph 59 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

60.     With reference to the allegations contained in paragraph 60 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

61.     With reference to the allegations contained in paragraph 61 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

62.     With reference to the allegations contained in paragraph 62 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

63.     With reference to the allegations contained in paragraph 63 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

64.     With reference to the allegations contained in paragraph 64 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than

Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

65. With reference to the allegations contained in paragraph 65 of Plaintiff's Complaint, Defendant Chubb admits he was acting within the course and scope of his employment with the Denver County Sheriff's Department. Defendant Chubb denies any inference of any unlawful action and denies any remaining allegations in the paragraph.

66. With reference to the allegations contained in paragraph 66 of Plaintiff's Complaint, Defendant Chubb avers this paragraph is directed at a Defendant other than Defendant Chubb and thus no response is required. To the extent a response is required, Defendant Chubb denies the allegations.

<strong>AFFIRMATIVE DEFENSES</strong>

1. All or a portion of Plaintiff's claims may not state a cause of action upon which relief can be granted.

2. The individual Defendant is entitled to qualified immunity from suit or liability.

3. The individual Defendant is entitled to common law immunity from suit or liability under *Trimble v. City and County of Denver*, 697 P.2d 716, 729 (Colo. 1985) and its progeny.

4. The Defendant was lawfully exercising his public duties in accordance with C.R.S. §18-1-701 and properly exercising police powers and the authority under C.R.S. §§16-3-101, 16-3-103, 18-1-701, and 18-1-707 at all times pertinent to the incident.

5. All or part of Plaintiff's claims fail to allege a sufficient constitutional violation to state a claim under 42 U.S.C. §1983 or C.R.S. § 13-21-131 or otherwise.

11

6. The Plaintiff's state law claim is subject to the damages caps and limitations set forth in C.R.S. §§24-10-114 and 24-10-118.

7. The Defendant may be entitled to attorney fees in the defense of this matter under the provisions of 42 U.S.C. §1988 and other applicable statutes, rules, and legal authority.

8. All actions of the Defendant taken with respect to the Plaintiff were taken in good faith and were reasonable under the circumstances.

9. The Defendant asserts the defenses of comparative negligence and/or assumption of the risk.

10. Some of the Plaintiff's claims are barred and/or governed by the CGIA, C.R.S. §24-10-101 et. seq.

11. Plaintiff may have failed to mitigate his damages, if any, as required by law.

12. The damages alleged to have been sustained by Plaintiff, if any, may have been caused in whole or in part by his own acts and conduct, not by reason of any tortious or unconstitutional conduct of this Defendant.

13. The Defendant's action(s) or inaction(s) may not have been the proximate cause of the Plaintiff's claimed injuries and/or damages.

14. The Defendant asserts the following equitable defenses to the extent appropriate: unclean hands, waiver, and estoppel.

15. Some of Plaintiff's claims are duplicative.

**RESERVATION OF OTHER DEFENSES**

This Defendant reserves the right to assert other defenses which may be disclosed as discovery and investigation are accomplished and hereby request leave of court to amend the within Answer, if necessary, at a later date.

WHEREFORE, having fully answered the Plaintiff's Complaint, this Defendant prays that the same be dismissed and denied and that this Defendant has judgment against the Plaintiff for all costs herein expended, for expert witness fees, for attorney fees as provided by law and for such other and further relief as the Court may deem just and proper.

THIS DEFENDANT REQUESTS A TRIAL BY JURY OF ALL ISSUES CONTAINED HEREIN WHICH ARE SO TRIABLE.

DATED this 8th day of January, 2026.

*s/Bernard Woessner*
Bernard Woessner
Timothy M. Walsh
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEYS FOR DEFENDANT

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2026 I electronically filed the foregoing **DEFENDANT CHUBB'S ANSWER** using the CM/ECF system which will send notification of such filing to the following:

Jessica L. McBryant
10190 Bannock Street, Suite 200
Northglenn, CO 80260
Phone: (303)733-6353
Email: jlmcbryant@ramoslaw.com
*Attorney for Plaintiff*

Sophia Fernald
Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202
Phone: (720) 913-3100
Email: Sophia.fernald@denvergov.org
*Attorney for Denver Defendants*

*s/Bernard Woessner*
Bernard Woessner
Timothy M. Walsh
Attorneys for Defendant
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
BWoessner@ndm-law.com
twalsh@ndm-law.com

14